Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:      (916) 447-8336
E-Mail:          mark@markmerin.com
                     paul@markmerin.com

Attorneys for Plaintiff
KEVIN COLE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| KEVIN COLE,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

This action involves police officers employed by the CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and Police Chief DANIEL HAHN falsely arresting and recklessly discharging a firearm, injuring KEVIN COLE and his canine companion.

## **JURISDICTION & VENUE**

1.      This Court has original jurisdiction of the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.      Venue is proper in the United State District Court for the Eastern District of California

1

pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.      Intradistrict venue is proper in the Fresno Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## EXHAUSTION

4.      KEVIN COLE submitted a government claim to the CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT regarding the claims asserted herein on January 7, 2020. The government claim was rejected by February 26, 2020, as a matter of law. *See* Cal. Gov. Code § 912.4(c).

## PARTIES

5.      Plaintiff KEVIN COLE is a resident of the State of California, County of Sacramento.

6.      Defendant CITY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

7.      Defendant SACRAMENTO POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8.      Defendant DANIEL HAHN is, and at all times material herein was, a law enforcement officer and Police Chief for Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, acting within the scope of that employment. Defendant DANIEL HAHN is sued in his individual capacity.

9.      Defendant DOE 1 is, and at all times material herein was, a law enforcement officer employed by Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, acting within the scope of that employment. Defendant DOE 1 is sued in his individual capacity.

10.     Defendant DOE 2 is, and at all times material herein was, a law enforcement officer employed by Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, acting within the scope of that employment. Defendant DOE 2 is sued in his individual capacity.

## GENERAL ALLEGATIONS

11.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

12. On December 18, 2019, Plaintiff KEVIN COLE was shopping at the Safeway grocery store, located at 1814 19th Street, in Sacramento, California.

13. Plaintiff KEVIN COLE was transferring his groceries to his backpack outside of the store's entrance, after completing his grocery shopping.

14. Plaintiff KEVIN COLE was intending to walk with his leashed dog, Nikki, to the light rail to return to his home, after completing a sandwich he had purchased from the grocery store.

15. Plaintiff KEVIN COLE opened a bag of dog food he had purchased to feed his dog.

16. Plaintiff KEVIN COLE was confronted by a security guard.

17. The security guard directed Plaintiff KEVIN COLE to leave the property.

18. Plaintiff KEVIN COLE stated to the security guard that he intended, before leaving, to purchase some items at the Panda Express restaurant, beside which he was standing.

19. The security guard told Plaintiff KEVIN COLE that he could not enter the restaurant and had to leave immediately.

20. Plaintiff KEVIN COLE questioned the basis for the security guard's instruction.

21. The security guard told Plaintiff KEVIN COLE that, unless he left immediately, the security guard would call the police.

22. Plaintiff KEVIN COLE, knowing that he was within his rights and had done nothing to warrant the treatment he was experiencing, welcomed the arrival of the police.

23. Defendant DOE 1, a police officer employed by Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT, arrived to Plaintiff KEVIN COLE's location within minutes.

24. Defendant DOE 1 instructed Plaintiff KEVIN COLE to leave "within nine minutes."

25. Plaintiff KEVIN COLE believed Defendant DOE 1's instruction to be both unreasonable and without legal basis.

26. On information and belief, Plaintiff KEVIN COLE was discriminated against by Defendant DOE 1 on the basis of Defendant DOE 1's erroneous belief that Plaintiff KEVIN COLE was a homeless person and because of Plaintiff KEVIN COLE's protected speech expressing his right to remain at the location.

3

27.     Before the expiration of the nine-minute deadline imposed by Defendant DOE 1, Plaintiff KEVIN COLE was wrestled to the ground by Defendant DOE 1.

28.     Defendant DOE 1 applied handcuffs to Plaintiff KEVIN COLE's arms.

29.     Defendant DOE 1 placed Plaintiff KEVIN COLE under arrest, without cause.

30.     Plaintiff KEVIN COLE's dog, Nikki, generally very friendly and timid, became agitated as Defendant DOE 2, a backup police officer, arrived at the location.

31.     Defendant DOE 2 demanded that Plaintiff KEVIN COLE, handcuffed on the ground, control his dog.

32.     Defendant DOE 2 shot Nikki with his firearm, while the dog was non-threatening and located several feet away from Defendant DOE 2.

33.     Defendant DOE 2's discharge of his firearm was reckless, as several persons were in the immediate area.

34.     Defendant DOE 2 aimed his firearm recklessly in the direction of an occupied parking lot in and around where several bystanders were located.

35.     Defendant DOE 2's discharge of his firearm was captured on his body-worn camera. *See* <https://www.sacbee.com/news/local/crime/article238794193.html>.

36.     The bullet fired from Defendant DOE 2's firearm penetrated Nikki's leg and then struck the ground and broke into several fragments.

37.     The bullet fragments from Defendant DOE 2's firearm ricocheted off the sidewalk and struck Plaintiff KEVIN COLE and the security guard, injuring each of them.

38.     Plaintiff KEVIN COLE was struck with a bullet fragment between the eyes.

39.     Plaintiff KEVIN COLE was transported to U.C. Davis Medical Center for treatment.

40.      Nikki was taken to the Sacramento Animal Shelter, after being bandaged by pharmacy employees from the Safeway grocery store.

41.     Defendants DOE 1 and DOE 2 seized Plaintiff KEVIN COLE's possessions, including his backpack, groceries, wallet, cash, keys, and identification.

42.     Plaintiff KEVIN COLE's possessions were not returned to him by Defendant SACRAMENTO POLICE DEPARTMENT until after several days and considerable effort.

4

**POLICY OR CUSTOM ALLEGATIONS**

**Custom of Use of Excessive / Unreasonable Force & Failure to Train, Discipline, or Supervise**

43.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DANIEL HAHN maintain an unofficial custom whereby their police officers are permitted to use excessive and unreasonable force against persons with whom they come into contact, without meaningful consequence, discipline, or corrective action. Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DANIEL HAHN's failure to investigate and discipline employees in the face of widespread constitutional violations has resulted in their personnel's use force with impunity. This custom proximately caused Defendants DOE 1 and DOE 2's use of force against Plaintiff KEVIN COLE and his dog. In addition to the incident giving rise to this action, evidence of the existence of this custom is reflected by:

a.      The California Department of Justice's "Report & Recommendations" issued on January 29, 2019. *See* <https://oag.ca.gov/system/files/attachments/press-docs/spd-report.pdf>. Therein, numerous and "significant deficiencies" were identified and recommendations provided in reference to Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's use of force policies and training. For example, Defendant SACRAMENTO POLICE DEPARTMENT's use of policies "should affirm the importance of proportionality"; "should prohibit certain problematic uses of force"; and should "[r]equiring officers to intervene during a use of force incident when the force used is outside of departmental policy." Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's use of force training "should place greater emphasis on teaching officers to have a 'guardian' mindset"; and "should ensure its use of force training emphasizes critical-decision making skills and require such training annually for all staff, regardless of rank."

b.      Numerous incidents involving allegations of excessive and unreasonable use of force by Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's personnel. For example:

i.      *Clark v. City of Sacramento*, E.D. Cal. Case No. 2:19-cv-00171-JAM-EFB (Alleging that on March 18, 2018, two police officers shot an unarmed man to death,

while he hid in his grandmother's backyard. The resulting lawsuit has partially settled.)

ii.    *Cain v. City of Sacramento*, E.D. Cal. Case No. 2:17-cv-00848-JAM-DB

(Alleging that on April 10, 2017, a police officer grabbed, tackled, and punched a man for jaywalking, without realizing the beating was recorded. The resulting lawsuit was settled for $550,000. <https://www.sacbee.com/news/local/article228710949.html>.)

iii.    *Hernandez v. City of Sacramento*, E.D. Cal. Case No. 2:17-cv-02311-JAM-DB

(Alleging that on March 6, 2017, three police officers chased an unarmed man who had been loitering in front of a convenience store into a hospital where he was then tased, beaten, and pinned to ground until he asphyxiated to the point of coma. The resulting lawsuit was settled for $5,200,000.

<https://www.sacbee.com/news/local/article231173283.html>.)

iv.    *Mann v. City of Sacramento*, E.D. Cal. Case No. 2:16-cv-01847-WBS-DB

(Alleging that on July 11, 2016, a mentally-ill man was falsely reported to have a gun when two police officers unsuccessfully attempted to run-over the man with their patrol vehicle and, after failing to do so, exited the vehicle, pursued the man on foot as he fled, cornered the man, and shot him to death. The resulting lawsuit was settled for $719,000. <www.sacbee.com/news/local/article130391109.html>.)

v.    *Namoca v. City of Sacramento*, E.D. Cal. Case No. 2:16-cv-02283-TLN-EFB

(Alleging that on June 7, 2016, two police officers falsely accused a minor of "tampering" with a mailbox, tackled him to the ground dislocating his shoulder, and unlawfully detained him in the back of a police car for nearly an hour while conducting pretextual records searches before finally releasing him when it became apparent that no lawful justification for the arrest could be found. The resulting lawsuit was settled for $40,000. <https://www.sacbee.com/news/local/article228710949.html>.)

vi.    *Thompson v. City of Sacramento*, E.D. Cal. Case No. 2:18-cv-00806-KJM-DB

(Alleging that on April 10, 2016, a police officer slammed a woman face-first into the frame of the patrol vehicle multiple times, breaking her nose and the orbital around her eye. The resulting lawsuit was settled.)

6

vii.     *Halcomb v. City of Sacramento*, E.D. Cal. Case No. 2:14-cv-02796-MCE-DB (Alleging that on August 8, 2014, three police officers broke into the wrong residence seeking the subject of an arrest warrant who lived at a different address and used excessive and unreasonable force against the resident. The resulting lawsuit was settled for $220,000, after it was discovered that a police officer lied about the existence of a warrant. <http://www.sacbee.com/news/local/crime/article147296244.html>. In response to a subsequent citizen complaint against the officer who lied under oath, Defendant DANIEL HAHN found "no violation of Police Department rules or regulations.")

**Policy of Delayed / Prolonged Investigation of Citizen Complaints**

44.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DANIEL HAHN maintain an official policy permitting the indefinite suspension of the investigation of citizen complaints received. Specifically, the policy states: "If your [citizen complaint] stems from an arrest or citation issued to a family member or yourself, it may not be investigated until the legal matter has been settled." Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DANIEL HAHN apply this policy to both criminal *and* civil matters, even where the matters are initiated *after* the circumstances giving rise to the citizen complaint. As a result, Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DANIEL HAHN employ this policy in a manner which allows them indefinitely to suspend their obligations to investigate a citizen complaint under Cal. Pen. Code § 832.5. Additionally, because nearly every civil matter resulting from alleged police misconduct is not resolved in an expeditious fashion, the policy effectively bars the imposition of discipline against any officer subject to a complaint, even if a complaint is subsequently sustained, because "the investigation of the allegation [wa]s not completed within one year…" *See* Cal. Gov. Code § 3304(d)(1). The application of this policy undermines accountability and the deterrent effects of post-incident investigations because officers have no reason to fear punishment, which cultivates a culture in which officers believe they can "get away with anything." On information and belief, this policy proximately caused or was the moving force behind Defendants DOE 1 and DOE 2's use of force against Plaintiff KEVIN COLE and his dog. Beyond this case, other examples of how this policy is employed include:

7

a.      On March 20, 2018, 17-year-old Phayjjon McClellan was assaulted by Sacramento Police Department police officers Lannom and Catricala while he was recovering from a gunshot wound at the hospital. On March 20, 2018, a verbal complaint was lodged and on April 18, 2018, a formal citizen complaint was lodged pursuant to Cal. Pen. Code § 832.5. On August 8, 2019, Defendant SACRAMENTO POLICE DEPARTMENT "Sustained" Phayjjon McClellan's citizen complaint. On information and belief, despite the fact that Phayjjon McClellan's citizen complaint was "Sustained," police officers Lannom and Catricala avoided discipline because "the investigation of the allegation [wa]s not completed within one year…" *See* Cal. Gov. Code § 3304(d)(1); *see also* <https://www.sacbee.com/news/local/crime/article234512712.html>.

b.      In *Namoca v. City of Sacramento*, E.D. Cal. Case No. 2:16-cv-02283-TLN-EFB, the plaintiff, a minor, alleged that on June 7, 2016, two police officers falsely accused a minor of "tampering" with a mailbox, tackled him to the ground dislocating his shoulder, and unlawfully detained him in the back of a police car for nearly an hour while conducting pretextual records searches before finally releasing him when it became apparent that no lawful justification for the arrest could be found. On July 8, 2016, the plaintiff submitted a citizen complaint to Defendant SACRAMENTO POLICE DEPARTMENT pursuant to Cal. Pen. Code § 832.5. On September 23, 2019, the plaintiff filed a civil rights lawsuit. On September 30, 2016, Police Captain David Peletta instructed the investigator conducting the internal affairs review of the complaint "to place the IA investigation in suspense until the civil case was completed" and cancelled the scheduled interview with the involved-officer. On October 2, 2018, the civil rights lawsuit was settled. However, to date, the plaintiff has never been notified of the disposition of the complaint. On information and belief, no conclusion has been rendered and, in any event, because "the investigation of the allegation [wa]s not completed within one year," Cal. Gov. Code § 3304(d)(1), even if the plaintiff's complaint is sustained, no discipline will be imposed against the involved officers.

c.      The California Department of Justice's "Report & Recommendations" issued on January 29, 2019, identifies numerous and "significant deficiencies" in reference to Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's use of force reporting and

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Cole v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

investigation and personnel complaint procedures.

(<https://oag.ca.gov/system/files/attachments/press-docs/spd-report.pdf>.) Specifically, the "Report & Recommendations" noted that: "If an investigation remains open for an extended period of time, it is both difficult for the officer and harmful to the public trust. Enforcing deadlines can be a difficult task, but individual and departmental accountability require it." (*Id.* at p. 44.)

**Ratification of Delayed / Prolonged Investigation of Citizen Complaints**

45.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT's Chief of Police, Defendant DANIEL HAHN, is a final policy-making authority. *See* Cal. Gov. Code § 38630(a) ("The police department of a city is under the control of the chief of police."). On information and belief, Defendant DANIEL HAHN participated in creating and maintaining a culture of impunity for officers' use of excessive and unreasonable force, creating an environment where the mechanisms for supervision and control over the use of force operated ineffectively and sometimes not at all—*i.e.*, lengthy delays or failure to dispose of citizen complaints. On information and belief, this ratification proximately caused or was the moving force behind Defendants DOE 1 and DOE 2's use of force against Plaintiff KEVIN COLE and his dog, where it was tantamount to the announcement or confirmation of a policy of permitting the indefinite suspension of the investigation of citizen complaints received. Examples of the ratification include:

a.      On March 20, 2018, 17-year-old Phayjjon McClellan was assaulted by Sacramento Police Department police officers Lannom and Catricala while he was recovering from a gunshot wound at the hospital. On March 20, 2018, a verbal complaint was lodged and on April 18, 2018, a formal citizen complaint was lodged pursuant to Cal. Pen. Code § 832.5. On August 8, 2019, Defendant SACRAMENTO POLICE DEPARTMENT "Sustained" Phayjjon McClellan's citizen complaint. On information and belief, despite the fact that Phayjjon McClellan's citizen complaint was "Sustained," police officers Lannom and Catricala avoided discipline because "the investigation of the allegation [wa]s not completed within one year…" *See* Cal. Gov. Code § 3304(d)(1); *see also* <https://www.sacbee.com/news/local/crime/article234512712.html>.

b.      In *Namoca v. City of Sacramento*, E.D. Cal. Case No. 2:16-cv-02283-TLN-EFB, the

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Cole v. City of Sacramento*, United States District Court, Eastern District of California, Case No. _____

plaintiff, a minor, alleged that on June 7, 2016, two police officers falsely accused a minor of "tampering" with a mailbox, tackled him to the ground dislocating his shoulder, and unlawfully detained him in the back of a police car for nearly an hour while conducting pretextual records searches before finally releasing him when it became apparent that no lawful justification for the arrest could be found. On July 8, 2016, the plaintiff submitted a citizen complaint to Defendant SACRAMENTO POLICE DEPARTMENT pursuant to Cal. Pen. Code § 832.5. On September 23, 2019, the plaintiff filed a civil rights lawsuit. On September 30, 2016, Police Captain David Peletta instructed the investigator conducting the internal affairs review of the complaint "to place the IA investigation in suspense until the civil case was completed" and cancelled the scheduled interview with the involved-officer. On October 2, 2018, the civil rights lawsuit was settled. However, to date, the plaintiff has never been notified of the disposition of the complaint. On information and belief, no conclusion has been rendered and, in any event, because "the investigation of the allegation [wa]s not completed within one year," Cal. Gov. Code § 3304(d)(1), even if the plaintiff's complaint is sustained, no discipline will be imposed against the involved-officers.

## FIRST CLAIM

### False Detention / Arrest

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

46.     This Claim is asserted by Plaintiff KEVIN COLE against Defendants DOE 1 and DOE 2.

47.     Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

48.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained/arrested Plaintiff KEVIN COLE, without a warrant and without probable cause, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

49.     Defendants DOE 1 and DOE 2's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff KEVIN COLE's constitutional rights, or were wantonly or oppressively done.

50.     As a direct and proximate result of Defendants DOE 1 and DOE 2's actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling his to receive compensatory and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## SECOND CLAIM

### Retaliation

### (U.S. Const., Amend. I; 42 U.S.C. § 1983)

51.     This Claim is asserted by Plaintiff KEVIN COLE against Defendants DOE 1 and DOE 2.

52.     Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

53.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, retaliated against Plaintiff KEVIN COLE for engaging in constitutionally-protected activity with the intent to inhibit the protected activity, in violation of his rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

54.     Defendants DOE 1 and DOE 2's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff KEVIN COLE's constitutional rights, or were wantonly or oppressively done.

55.     As a direct and proximate result of Defendants DOE 1 and DOE 2's actions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## THIRD CLAIM

### Equal Protection

### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

56.     This Claim is asserted by Plaintiff KEVIN COLE against Defendants DOE 1 and DOE 2.

57.     Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

11

58.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, treated differently, singled-out, and/or targeted Plaintiff KEVIN COLE based on an animus towards his perceived membership in an historically-unpopular class of homeless persons without access to shelter or housing, without a rational relationship to any legitimate state or law enforcement interests, in violation of rights secured by the Fourteenth Amendment of the U.S. Constitution.

59.     Defendants DOE 1 and DOE 2's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff KEVIN COLE's constitutional rights, or were wantonly or oppressively done.

60.     As a direct and proximate result of Defendants DOE 1 and DOE 2's actions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## FOURTH CLAIM

**Unreasonable and Excessive Force**

**(U.S. Const., Amend. IV; 42 U.S.C. § 1983)**

61.     This Claim is asserted by Plaintiff KEVIN COLE against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2.

62.     Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 45, to the extent relevant, as if fully set forth in this Claim.

63.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiff KEVIN COLE and his dog, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

64.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DANIEL HAHN, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiff KEVIN COLE's rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

12

65.     Defendants DANIEL HAHN, DOE 1, and DOE 2's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff KEVIN COLE's constitutional rights, or were wantonly or oppressively done.

66.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2's actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2; and punitive damages against Defendants DANIEL HAHN, DOE 1, and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## FIFTH CLAIM

### Substantive Due Process

### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

67.     This Claim is asserted by Plaintiff KEVIN COLE against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2.

68.     Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 45, to the extent relevant, as if fully set forth in this Claim.

69.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in conscience-shocking conduct by employing deadly force with the purpose to harm and/or deliberate indifference and without regard to the known or obvious risks of injury to Plaintiff KEVIN COLE and his dog, in violation of his rights protected by the Fourteenth Amendment of the U.S. Constitution.

70.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DANIEL HAHN, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiff KEVIN COLE's rights protected by the Fourteenth Amendment of the U.S. Constitution.

71.     Defendants DANIEL HAHN, DOE 1, and DOE 2's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff KEVIN COLE's

constitutional rights, or were wantonly or oppressively done.

72.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2's actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2; and punitive damages against Defendants DANIEL HAHN, DOE 1, and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## SIXTH CLAIM

### Unreasonable Seizure and Search of Property

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

73.     This Claim is asserted by Plaintiff KEVIN COLE against Defendants DOE 1 and DOE 2.

74.     Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

75.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, unreasonably seized and searched Plaintiff KEVIN COLE's property, without a warrant and without probable cause, in violation of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

76.     Defendants DOE 1 and DOE 2's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff KEVIN COLE's constitutional rights, or were wantonly or oppressively done.

77.     As a direct and proximate result of Defendants DOE 1 and DOE 2's actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

\\\

\\\

\\\

14

1

## SEVENTH CLAIM

2

### False Detention / Arrest

3

### (Cal. Const., Art. I, § 13)

4        78.     This Claim is asserted by Plaintiff KEVIN COLE against Defendants CITY OF

5   SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DOE 1, and DOE 2.

6        79.     Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding

7   paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

8        80.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their

9   official duties as law enforcement officers, falsely detained/arrested Plaintiff KEVIN COLE, without a

10  warrant and without probable cause, in violation of his rights protected by article I, section 13 of the

11  California Constitution.

12       81.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT

13  are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§

14  815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting

15  within the scope of their employment, including Defendants DANIEL HAHN, DOE 1, and DOE 2.

16       82.     Defendants DOE 1 and DOE 2's actions and inactions constituted oppression, fraud,

17  and/or malice resulting in great harm to Plaintiff KEVIN COLE.

18       83.     As a direct and proximate result of Defendants DOE 1 and DOE 2's actions and inactions,

19  Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory and punitive damages

20  against Defendants DOE 1 and DOE 2.

21       WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

22

## EIGHTH CLAIM

23

### Unreasonable and Excessive Force

24

### (Cal. Const., Art. I, § 13)

25       84.     This Claim is asserted by Plaintiff KEVIN COLE against Defendants CITY OF

26  SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2.

27       85.     Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding

28  paragraphs 1 to 45, to the extent relevant, as if fully set forth in this Claim.

15

86.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against Plaintiff KEVIN COLE and his dog, in violation of his rights protected by article I, section 13 of the California Constitution.

87.     Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DANIEL HAHN, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction resulting in the violation of Plaintiff KEVIN COLE's rights protected by article I, section 13 of the California Constitution.

88.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN, DOE 1, and DOE 2.

89.     Defendants DANIEL HAHN, DOE 1, and DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff KEVIN COLE.

90.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2's actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2; and punitive damages against Defendants DANIEL HAHN, DOE 1, and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## NINTH CLAIM

### Unreasonable Seizure and Search of Property

### (Cal. Const., Art. I, § 13)

91.     This Claim is asserted by Plaintiff KEVIN COLE against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DOE 1, and DOE 2.

92.     Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

16

93.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, unreasonably seized and searched Plaintiff KEVIN COLE's property, without a warrant and without probable cause, in violation of his rights protected by article I, section 13 of the California Constitution.

94.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN, DOE 1, and DOE 2.

95.     Defendants DOE 1 and DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff KEVIN COLE.

96.     As a direct and proximate result of Defendants DOE 1 and DOE 2's actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## TENTH CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1)

97.     This Claim is asserted by Plaintiff KEVIN COLE against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2.

98.     Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 45, to the extent relevant, as if fully set forth in this Claim.

99.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers:

a.      falsely detained/arrested Plaintiff KEVIN COLE, without a warrant and without probable cause, and with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiff KEVIN COLE of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, section 13 of the California Constitution;

17

b.      retaliated against Plaintiff KEVIN COLE for engaging in constitutionally-protected activity with the intent to inhibit the protected activity, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiff KEVIN COLE of his rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, sections 1 and 2 of the California Constitution;

c.      treated differently, singled-out, and/or targeted Plaintiff KEVIN COLE based on an animus towards his perceived membership in an historically-unpopular class of homeless persons without access to shelter or housing, without a rational relationship to any legitimate state or law enforcement interests, and with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiff KEVIN COLE of his rights protected by the Fourteenth Amendment of the U.S. Constitution and article I, section 7(a) of the California Constitution;

d.      used unreasonable and excessive force against Plaintiff KEVIN COLE, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiff KEVIN COLE of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, section 13 of the California Constitution;

e.      engaged in conscience-shocking conduct by employing deadly force with the purpose to harm and/or deliberate indifference and without regard to the known or obvious risks of injury, and with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiff KEVIN COLE of his rights protected by the Fourteenth Amendment of the U.S. Constitution and article I, section 7(a) of the California Constitution; and/or

f.      unreasonably seized and searched Plaintiff KEVIN COLE's property, without a warrant and without probable cause, and with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiff KEVIN COLE of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, section 13 of the California Constitution.

100.    Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, and DANIEL HAHN, acting under color of state law and as policy-making authorities, maintained policies or customs of action and inaction, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to

18

deprive Plaintiff KEVIN COLE of his rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) and Fourteenth Amendment of the U.S. Constitution and article I, sections 7(a) and 13 of the California Constitution.

101.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN, DOE 1, and DOE 2.

102.     Defendants DANIEL HAHN, DOE 1, and DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff KEVIN COLE.

103.     As a direct and proximate result of Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2's actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory damages, treble damages, and civil penalties against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2; and punitive damages against Defendants DANIEL HAHN, DOE 1, and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## ELEVENTH CLAIM

### False Detention / Arrest

104.     This Claim is asserted by Plaintiff KEVIN COLE against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DOE 1, and DOE 2.

105.     Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

106.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely detained/arrested Plaintiff KEVIN COLE, without a warrant and without probable cause.

107.     Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting

19

within the scope of their employment, including Defendants DOE 1 and DOE 2.

108.    Defendants DOE 1 and DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff KEVIN COLE.

109.    As a direct and proximate result of Defendants DOE 1 and DOE 2's actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DOE 1 and DOE 2; and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## TWELFTH CLAIM

### Assault / Battery

110.    This Claim is asserted by Plaintiff KEVIN COLE against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2.

111.    Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 45, to the extent relevant, as if fully set forth in this Claim.

112.    Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally threatened to touch and caused to be touched Plaintiff KEVIN COLE, without consent, and that threatened touching and touching constituted use of unreasonable and excessive force.

113.    Defendant DANIEL HAHN, acting under color of state law and as a policy-making authority, maintained policies or customs of action and inaction resulting in Defendants DOE 1 and DOE 2's use of unreasonable and excessive force against Plaintiff KEVIN COLE.

114.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN, DOE 1, and DOE 2.

115.    Defendants DANIEL HAHN, DOE 1, and DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff KEVIN COLE.

116.    As a direct and proximate result of Defendants DANIEL HAHN, DOE 1, and DOE 2's

20

actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2; and punitive damages against Defendants DANIEL HAHN, DOE 1, and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## THIRTEENTH CLAIM

### Intentional Infliction of Emotional Distress

117.    This Claim is asserted by Plaintiff KEVIN COLE against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2.

118.    Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 45, to the extent relevant, as if fully set forth in this Claim.

119.    Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in outrageous conduct, including false detention/ arrest, retaliation, discrimination, use of unreasonable and excessive force, and/or unreasonable seizure and search against Plaintiff KEVIN COLE; and, as a result of that outrageous conduct, Plaintiff KEVIN COLE suffered severe emotional distress.

120.    Defendant DANIEL HAHN, acting under color of state law and as a policy-making authority, maintained policies or customs of action and inaction resulting in Defendants DOE 1 and DOE 2's use of unreasonable and excessive force against Plaintiff KEVIN COLE.

121.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN, DOE 1, and DOE 2.

122.    Defendants DANIEL HAHN, DOE 1, and DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff KEVIN COLE.

123.    As a direct and proximate result of Defendants DANIEL HAHN, DOE 1, and DOE 2's actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT,

21

DANIEL HAHN, DOE 1, and DOE 2; and punitive damages against Defendants DANIEL HAHN, DOE 1, and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## FOURTEENTH CLAIM

### Conversion / Trespass to Chattels

124.    This Claim is asserted by Plaintiff KEVIN COLE against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DOE 1, and DOE 2.

125.    Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

126.    Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, substantially interfered with Plaintiff KEVIN COLE's right to possess his personal property by knowingly or intentionally taking possession of the property, without consent.

127.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1 and DOE 2.

128.    Defendants DOE 1 and DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff KEVIN COLE.

129.    As a direct and proximate result of Defendants DOE 1 and DOE 2's actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DOE 1, and DOE 2; and punitive damages against Defendants DOE 1 and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## FIFTEENTH CLAIM

### Negligence

130.    This Claim is asserted by Plaintiff KEVIN COLE against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2.

22

131.    Plaintiff KEVIN COLE realleges and incorporates the allegations of the preceding paragraphs 1 to 45, to the extent relevant, as if fully set forth in this Claim.

132.    Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiff KEVIN COLE a duty of care and breached that duty, including by engaging in false detention/ arrest, retaliation, discrimination, use of unreasonable and excessive force, and/or unreasonable seizure and search against Plaintiff KEVIN COLE.

133.    Defendant DANIEL HAHN, acting under color of state law and as a policy-making authority, owed Plaintiff KEVIN COLE a duty of care and breached that duty by inadequately training, supervising, and/or retaining his subordinates, including Defendants DOE 1 and DOE 2, by knowingly participating in creating and maintaining a culture permitting or encouraging subordinate officers' use of unreasonable and excessive force; and/or acquiescing in or acting deliberately indifferent to a culture permitting or encouraging subordinate officers' use of unreasonable and excessive force.

134.    Defendants CITY OF SACRAMENTO and SACRAMENTO POLICE DEPARTMENT are vicariously liable, through the principles of respondeat superior and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DANIEL HAHN, DOE 1, and DOE 2.

135.    Defendants DANIEL HAHN, DOE 1, and DOE 2's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff KEVIN COLE.

136.    As a direct and proximate result of Defendants DANIEL HAHN, DOE 1, and DOE 2's actions and inactions, Plaintiff KEVIN COLE suffered injuries entitling him to receive compensatory damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE 2; and punitive damages against Defendants DANIEL HAHN, DOE 1, and DOE 2.

WHEREFORE, Plaintiff KEVIN COLE prays for relief as hereunder appears.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KEVIN COLE seeks Judgment as follows:

1.    For an award of compensatory, general, and special damages against Defendants CITY OF SACRAMENTO, SACRAMENTO POLICE DEPARTMENT, DANIEL HAHN, DOE 1, and DOE

23

2, according to proof at trial;

2.      For an award of exemplary/punitive damages against Defendants DANIEL HAHN, DOE 1, and DOE 2, in an amount sufficient to deter and to make an example of them, because their actions and inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, were wantonly or oppressively done, and/or constituted oppression, fraud, or malice resulting in great harm;

3.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable;

4.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5.      For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: March 2, 2020                                    Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:        (916) 443-6911
Facsimile:        (916) 447-8336

Attorneys for Plaintiff
KEVIN COLE

24

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff KEVIN COLE.

Dated: March 2, 2020

Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone:    (916) 443-6911
    Facsimile:    (916) 447-8336

    Attorneys for Plaintiff
    KEVIN COLE