Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:        mark@markmerin.com
               paul@markmerin.com

   Attorneys for Plaintiff
   KEVIN COLE

Susana Alcala Wood (SBN 156366)
Andrea M. Velasquez (SBN 249210)
  AVelasquez@cityofsacramento.org
CITY OF SACRAMENTO
9151 Street, Room 4010
Sacramento, CA 95814-2608
Telephone: (916) 808-5346
Facsimile: (916) 808-7455

   Attorneys for Defendants
   CITY OF SACRAMENTO, SACRAMENTO
   POLICE DEPARTMENT, and DANIEL HAHN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| KEVIN COLE,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF SACRAMENTO, et al.,<br><br>          Defendants. | Case No. 2:20-cv-00464-KJM-KJN<br><br>**JOINT STATUS REPORT**<br><br>Date:        July 9, 2020<br>Time:        2:30 p.m.<br>Location:    Robert T. Matsui U.S. Courthouse<br>             501 I Street<br>             Sacramento, California 95814<br>Courtroom:   3 (15th Floor)<br>District Judge:    Hon. Kimberly J. Mueller |

1

Pursuant to Fed. R. Civ. P. 26(f), E.D. Cal. L.R. 240(b), the Court's Order Setting Status (Pretrial Scheduling) Conference (ECF No. 3), the parties—Plaintiff Kevin Cole ("Plaintiff") and Defendants City of Sacramento ("City"), Sacramento Police Department ("S.P.D."), and Daniel Hahn (collectively, "Defendants")—submit the following Joint Status Report.

**(a)    Summary of the Claims**

Plaintiff's Position

On March 2, 2020, Plaintiff initiated this action by filing the currently-operative Complaint. (ECF No. 1 [Complaint].) Generally, this action involves an incident occurring on December 18, 2019, where Kevin Cole alleges that he was falsely detained and that he and his canine companion were shot at and injured by a police officer employed by the Sacramento Police Department. (*Id*. at 2:26-4:28.) Plaintiff has alleged 15 separate claims for relief: (1) "False Detention/ Arrest," U.S. Const., Amend. IV (42 U.S.C. § 1983); (2) "Retaliation," U.S. Const., Amend. I (42 U.S.C. § 1983); (3) "Equal Protection," U.S. Const., Amend. XIV (42 U.S.C. § 1983); (4) "Unreasonable and Excessive Force," U.S. Const., Amend. IV (42 U.S.C. § 1983); (5) "Substantive Due Process," U.S. Const., Amend. XIV (42 U.S.C. § 1983); (6) "Unreasonable Seizure and Search of Property," U.S. Const., Amend. IV (42 U.S.C. § 1983); (7) "False Detention / Arrest," Cal. Const., Art. I, § 13; (8) "Unreasonable and Excessive Force," Cal. Const., Art. I, § 13; (9) "Unreasonable Seizure and Search of Property," Cal. Const., Art. I, § 13; (10) "Bane Act," Cal. Civ. Code § 52.1; (11) "False Detention / Arrest"; (12) "Assault / Battery"; (13) "Intentional Infliction of Emotional Distress"; (14) "Conversion / Trespass to Chattels"; and (15) "Negligence." (*Id*. at 10:16-23:24.)

On March 18, 2020, Defendants jointly filed the Answer to the Complaint. (ECF No. 5 [Answer].) On April 2, 2020, Defendants jointly filed the currently-operative First Amended Answer to the Complaint. (ECF No. 8 [FAA].)

Defendants' Position

Defendants deny the allegations of the complaint, deny they violated Plaintiff's Constitutional or rights or any state or federal law, and deny that they are liable to Plaintiff.  Defendants filed the currently-operative First Amended Answer denying Plaintiff's claims and asserting all applicable affirmative defenses.

**(b)    Status of Service of Process on Defendants**

All currently-named Defendants have been served. (*See* ECF Nos. 4, 6 & 7.)

**(c)    Contemplated Joinder of Additional Parties**

Plaintiff's Position

Plaintiff anticipates the joinder of additional parties to this action, including individual law enforcement officers employed by Defendants City and S.P.D currently identified as "Doe" Defendants in the Complaint. Plaintiff does not anticipate being able to identify the true and correct identities of these individuals until after he has access to discovery. *See*, *e.g.*, *Estate of Osuna v. County of Stanislaus*, 392 F. Supp. 3d 1162, 1169-70 (E.D. Cal. 2019) ("'the plaintiff should be given an opportunity through discovery to identify the unknown defendants'" (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980))).

Defendants' Position

Defendants do not anticipate the joinder of additional parties other than those identified by Plaintiff.

**(d)    Contemplated Amendments to the Pleadings**

Plaintiff's Position

Plaintiff anticipates amendment of the pleading to join additional parties to this action, including individual law enforcement officers employed by Defendants City and S.P.D. currently identified as "Doe" Defendants in the Complaint. Plaintiff does not anticipate being able to identify the true and correct identities of these individuals until after he has access to discovery. *See*, *e.g.*, *Estate of Osuna*, 392 F. Supp. 3d at 1169-70 ("'the plaintiff should be given an opportunity through discovery to identify the unknown defendants'" (quoting *Gillespie*, 629 F.2d at 642)).

Defendants' Position

Defendants anticipate filing answers on behalf of those law enforcement officers who are joined by Plaintiff.

**(e)    Statutory Basis of Jurisdiction and Venue**

Jurisdiction of the federal claims is conferred pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). Supplemental jurisdiction of the state law claims is conferred under 28 U.S.C. § 1367.

3

Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b).

Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d).

**(f)    Discovery Plan**

**(1)    Changes to Timing, Form, or Requirements for Disclosures**

The parties do not anticipate the need for changes to timing, form, or requirements for disclosures pursuant to Fed. R. Civ. P. 26(a).

The parties are prepared to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(C)— *i.e.*, by July 2, 2020.

The parties do not anticipate the need for the Court to schedule a further discovery conference, at this time.

**(2)    Subjects of Discovery; Cut-Off; Phases**

The parties propose a non-expert discovery cut-off date one (1) year from the date of the scheduling conference—*i.e.*, July 9, 2021.

The parties do not anticipate the need to conduct discovery in phases.

Plaintiff's Position

Plaintiff anticipates the need for discovery related to the subjects of the Complaint's allegations— *i.e.*, the December 18, 2019, incident where Plaintiff alleges that he was falsely detained and that he and his canine companion were shot at and injured by "Doe" Defendants employed by Defendants City and S.P.D.; any investigations of the December 18, 2019, incident, including in connection with Plaintiff's government claim and citizen complaint; the personnel histories of "Doe" Defendants involved; Defendants City, S.P.D., and Daniel Hahn's policies, practices, and/or customs related to the alleged injuries, including training, supervision, and/or discipline.

Defendants' Position

Defendants anticipate the need for discovery related to the subject incident, and Plaintiff's alleged damages.

\ \ \

4

**(3)    Changes to Limitations on Discovery**

The parties do not anticipate the need for changes or limitations to the generally-applicable Rules in this case.

**(4)    Proposed Expert Disclosures Cut-Off Dates**

The parties propose an expert disclosure cut-off date 90 days from the date of the non-expert discovery cut-off date—*i.e.*, October 7, 2021.

The parties propose a rebuttal expert disclosure cut-off date 30 days from the date of the expert disclosure cut-off date—*i.e.*, November 8, 2021.

**(5)    Proposed Expert Discovery Cut-Off Date**

The parties propose an expert discovery cut-off date 30 days from the date of the rebuttal expert disclosure/discovery cut-off date—*i.e.*, December 8, 2021.

**(g)    Proposed Motion Cut-Off Date**

The parties propose a dispositive motions cut-off date 90 days from the date of the expert discovery cut-off date—*i.e.*, March 8, 2022.

**(h)    Methods to Avoid Unnecessary Proof and Cumulative Evidence**

The parties do not anticipate the need to employ methods from the outset to avoid unnecessary proof and cumulative evidence, or limitations or restrictions on the use of testimony under Fed. R. Evid. 702, at this time.

**(i)    Proposed Final Pretrial Conference**

The parties propose that the final pretrial conference occur on the later date of: (A) 60 days after the last day to file dispositive motions—*i.e.*, May 8, 2022; or (B) 30 days after the Court's ruling on dispositive motions.

**(j)    Trial**

The parties propose a trial date 45 days after the Final Pretrial Conference—*i.e.*, June 22, 2022.

The parties anticipate a three- to four-week trial, at this time.

The parties have both demanded a jury trial. (*See* ECF No. 1 [Complaint] & ECF No. 8 [FAA].)

**(k)    Special Procedures**

The parties do not anticipate the need for employment of special procedures in this matter, at this

5

time.

**(l)      Proposed Modification of Standard Pretrial Proceedings**

The parties do not anticipate the need for modification of the Rules related to standard pretrial proceedings.

**(m)      Statement of Related Cases**

The parties are not aware of any related cases.

**(n)      Settlement/VDRP**

The parties agree that a court-convened settlement conference is appropriate, to occur at least 30 days prior to trial.

Pursuant to E.D. Cal. L.R. 271(d), the parties' counsel represent that they understand and have explained to their clients the Voluntary Dispute Resolution Program ("VDRP") rules and process and that, with their assistance, their clients have carefully considered whether their action might benefit from participation in the VDRP.

Plaintiff's Position

Plaintiff consents, and would stipulate, to either the currently-assigned Magistrate Judge or District Judge acting as the settlement judge.

Defendants' Position

Defendants consent and would stipulate to the currently-assigned Magistrate Judge acting as the settlement judge.

**(o)      Other Matters**

The parties do not anticipate other matters that the Court need address at the scheduling conference.

Dated: June 3, 2020                          Respectfully Submitted,
                                             LAW OFFICE OF MARK E. MERIN

                                                 */s/ Mark E. Merin*

                                             By: _____
                                                 Mark E. Merin
                                                 Paul H. Masuhara

                                                 Attorney for Plaintiff
                                                 KEVIN COLE

6

Dated: June 3, 2020

Respectfully Submitted,
CITY OF SACRAMENTO


*/s/ Andrea M. Velasquez*
(as authorized on June 3, 2020)
By: _____
Susana Alcala Wood
Andrea M. Velasquez

Attorneys for Defendants
CITY OF SACRAMENTO, SACRAMENTO
POLICE DEPARTMENT, and DANIEL HAHN

7